943 F.2d 49
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Alfred Lee Downing,
Plaintiffs-Appellants,
v.
GILBERT/ROBINSON, INCORPORATED, t/a Darryl's, Defendant-Appellee.
 No. 90-3196.
 United States Court of Appeals, Fourth Circuit.
 Argued July 10, 1991.
Decided Sept. 17, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CA-89-693-N)
 Argued: Michael Ray Keller, Equal Employment Opportunity Commission, Washington, D.C., for appellants; Steven Paul Denton, Smith, Gill, Fisher & Butts, Kansas City, Mo., for appellee.
 On Brief: Donald R. Livingston, Acting General Counsel, Gwendolyn Young Reams, Associate General Counsel, Vincent J. Blackwood, Assistant General Counsel, Equal Employment Opportunity Commission, Washington, D.C., Bernard T. Holmes, Holmes, McPherson, Miller & Edmonds, Virginia Beach, Va., for appellants; William W. Nexsen, Stackhouse, Rowe & Smith, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The Equal Employment Opportunity Commission and Alfred Lee Downing appeal an order of the district court finding that Gilbert/Robinson, Inc. did not engage in racial discrimination in violation of Title VII of the Civil Rights Act of 1964 when it discharged Downing, who is black, from his position as restaurant general manager. See 42 U.S.C.A. § 2000e-2(a)(1) (West 1981). Appellants contend that a remand to the district court for reconsideration is necessary because the opinion of the court contains a factual error. Because we conclude that the record as a whole clearly supports the finding of the district court that Gilbert/Robinson did not engage in racial discrimination, we affirm.
 
 I.
 
 2
 Downing was a general manager of a Darryl's restaurant in Richmond, Virginia. Following the acquisition of the chain of Darryl's restaurants by Gilbert/Robinson, area director Charles Wiedmann became the supervisor of a number of these restaurants including the one managed by Downing. Wiedmann's duties included ensuring that the general managers complied with all corporate directives. One of these directives involved implementation of a new operating philosophy emphasizing customer service and satisfaction rather than cost reduction. Although most of the general managers complied with the new procedures, five managers, including Downing, did not meet the requirements of Gilbert/Robinson and were discharged. Downing subsequently instituted this action, alleging that Gilbert/Robinson discriminated against him on the basis of his race.
 
 
 3
 Following a three-day non-jury trial, the district court entered a written order that included comprehensive findings of fact and supporting reasons for its determination that Downing's discharge occurred solely as a result of deficient performance and was not motivated by racial discrimination. The court found that the credible evidence did not support Downing's claim that his discharge was racially motivated but rather clearly established that Gilbert/Robinson discharged Downing because of legitimate, nondiscriminatory business concerns related to Downing's poor performance as a manager and his unwillingness to improve his managerial skills. In a detailed analysis that included in part a comparison of Downing's performance to that of other employees, the court correctly found that four white general managers were also discharged by Wiedmann. However, the court mistakenly noted in its order that Nicholas Whiteside, a white general manager, had also been discharged. The parties did not move for reconsideration and the error is the basis for this appeal.*
 
 II.
 
 4
 After the plaintiff in a Title VII action carries the initial burden of establishing a prima facie case of racial discrimination, the burden shifts "to the employer to articulate some legitimate, nondiscriminatory reason" for the employment decision. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The district court correctly concluded that because Gilbert/Robinson produced evidence at trial which established legitimate, nondiscriminatory reasons for Downing's discharge, the question of whether Downing established a prima facie case was no longer relevant. See United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983). The burden then shifted back to appellants who were properly afforded an opportunity to show that reasons stated by Gilbert/Robinson were pretextual. See McDonnell Douglas, 411 U.S. at 804. Within this framework, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).
 
 
 5
 Appellants urge us to hold that the factual error rendered ineffective the analysis conducted by the district court. Although the factual finding that Whiteside was discharged was in error, we conclude that the error does not mandate remand in view of the evidence presented by Gilbert/Robinson that the termination of Downing resulted from his failure to perform as a manager. The evidence established that although Whiteside and Downing had similar quarterly performance reviews, Whiteside demonstrated a cooperative attitude and a willingness to improve, while Downing was hostile, unreceptive to criticism, and blamed subordinates for his managerial shortcomings.
 
 
 6
 There was also considerable evidence that, independent of any comparison of Whiteside and Downing, Downing's discharge resulted solely from poor performance. This evidence included the testimony of Wiedmann that Downing disagreed with the new Gilbert/Robinson philosophy that customer satisfaction was of paramount importance and refused to implement changes pursuant to the new managerial program because the added procedures increased his workload. Wiedmann further testified that Downing's performance did not improve despite numerous discussions with Downing concerning problems with his management of the restaurant. Following these discussions, Wiedmann made an unannounced visit to the restaurant and found that it was a "disaster" due to inadequate staffing and customer dissatisfaction. He testified that the unacceptable condition of the restaurant on that occasion, coupled with Downing's overall deficient performance and refusal to improve, caused him to conclude that Downing was incapable of adequately performing his duties as a general manager.
 
 
 7
 In light of all of the evidence, we cannot say that the ultimate factual finding of the district court that Downing's discharge was not based on prohibited racial discrimination is clearly erroneous. See Lucas v. Burnley, 879 F.2d 1240, 1244 (4th Cir.1989), cert. denied, 110 S.Ct. 1471 (1990). Accordingly, we affirm the decision of the district court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 While both parties must share the responsibility for not bringing this error to the attention of the district court, the government's failure is particularly troublesome. It conceded at oral argument that it would not have appealed if the district court had not made this factual error even though the decision was favorable to the employer